IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

SIMON ARMIJO, et al.,

        Plaintiffs,

v.                                                                                No. 14cv362 JB/CEG

RONY D. HAYES, et al.,

        Defendants.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**THIS MATTER** comes before the Court on United States District Judge James O. Browning's *Order of Reference Relating to Bankruptcy Appeals, Social Security Appeals, Prisoner Cases, Non Prisoner Pro Se Cases and Immigration Habeas Corpus Proceedings*, filed May 23, 2014, (Doc. 4) ("Order of Reference").  The primary issue is whether the Court should grant Plaintiffs' *Application to Proceed in District Court without Prepaying Fees or Costs*, filed April 16, 2014 (Doc. 3) ("Application").  For the reasons stated below, the Court recommends that Plaintiffs' Application be denied because their monthly income exceeds their monthly expenses.

**PROCEDURAL BACKGROUND**

On April 16, 2014, Plaintiffs filed their *Civil Rights Complaint Pursuant to 42 U.S.C. § 1983*, (Doc. 2) ("Complaint").  Plaintiffs allege that: (i) Defendants used excessive force during a search of Plaintiffs' home by pointing loaded guns at Plaintiffs; (ii) Defendants' search exceeded the scope of the search warrant; and (iii) Plaintiff Simon Armijo was denied due process when he was arrested and Defendant Hayes knew that Plaintiff Simon Armijo is a valid cannabis card holder.  Plaintiffs also filed an Application

to proceed *in forma pauperis*.

## LAW REGARDING PROCEEDING *IN FORMA PAUPERIS*

The statute for proceeding *in forma pauperis* ("IFP, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed *in forma pauperis*, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 Fed.Appx. 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962).

While the Court should not deny a person the opportunity to proceed under 28 U.S.C. § 1915(a) simply because he or she is not "absolutely destitute," the Court may deny permission for a person to proceed IFP where his or her monthly income exceeds his or her monthly expenses by a few hundred dollars.  See *Brewer v. City of Overland Park Police Department*, 24 Fed.Appx. 977, 979 (10th Cir. 2002).  Magistrate judges have no authority to enter an order denying IFP status, because denial of a motion to proceed IFP is the functional equivalent of an involuntary dismissal.  See *Lister v. Dep't of the Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005).  If it denies a request for IFP status, the Court may enter an order denying IFP status and requiring the plaintiff to pay the filing fee within a certain time period, and later dismissing the case without prejudice if the plaintiff fails to timely pay the filing fee.  See *Raynor v. Wentz*, 357 Fed.Appx. 968

2

(10th Cir. 2009). Alternatively, the Court may dismiss the complaint without prejudice, after which the plaintiff may initiate a new action by re-filing his complaint and paying the filing fee. See *K.C. Mo. Police*, 158 Fed.Appx. 159, 160 (10th Cir. 2005). Although it is not a final order, "denial by a District Judge of a motion to proceed *in forma pauperis* is an appealable order." *Lister*, 408 F.3d at 1310 (quoting *Roberts v. United States Dist. Court*, 339 U.S. 844, 845 (1950).

## ANALYSIS AND RECOMMENDATION

The Court recommends that Plaintiffs' *Application to Proceed in District Court Without Prepaying Fees or Costs* be denied. Plaintiff Simon Armijo signed an affidavit in support of the application in which he declares that he is unable to pay the costs of these proceedings and declares under penalty of perjury that the information regarding his and his spouse's income is true. Armijo states that the combined monthly income for him and his spouse is $1,900.00 and that he also receives $431.00 monthly in food stamps, resulting in a total monthly income of $2,331.00. Armijo also states that his and his spouse's monthly expenses are $1,839.00 and 245.00, respectively, for a monthly total expenses of $2,084. Thus, Armijo's monthly income exceeds his monthly expenses by $247.00. *See Brewer,* 24 Fed.Appx. at 979 (litigant whose monthly income exceeded his monthly expenses by a few hundred dollars according to his own accounting appeared to have sufficient income to pay filing fees, and, thus, was not entitled to IFP status). The Court also recommends that Plaintiffs be allowed three weeks to pay the filing fee; failure to timely pay the filing fee may result in dismissal of the complaint without prejudice.

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.   If no objections are filed, no appellate review will be allowed.**

_____
THE HONORABLE CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDGE