IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

SIMON ARMIJO,

    Plaintiff,

v.                                                      CV No. 14-362 JB/CG

RONY D. HAYES, et al.,

    Defendants.

## ORDER STAYING DISCOVERY

**THIS MATTER** comes before the Court on *State Defendants Motion to Stay Discovery* ("Motion"), (Doc. 55), filed July 22, 2015. The Court also heard argument on the Motion at a hearing on August 28, 2015. As grounds for the Motion, Defendants Ronny Hayes and Robert Griego ("State Defendants") contend that they have filed *State Defendants' Motion to Dismiss or Alternatively Motion for Summary Judgment* ("MTD/MSJ"), (Doc. 43), seeking dismissal of Plaintiff's federal claims against them on the basis of qualified immunity. Plaintiff opposes the Motion, but has provided no written response. (*See* Doc. 55 at 1). At the hearing, he stated that he would like more time to conduct discovery to respond to Defendants' dispositive motions. (*See* Doc. 66 at 7). The other remaining Defendants, Larry Cearley and Village of Magdalena, concur in the Motion. (*Id.*).

"The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818


(1982)). It is an entitlement not to stand trial or face the other burdens of litigation, and acts as an immunity from suit rather than a mere defense to liability. *Jiron v. City of Lakewood*, 392 F.3d 410, 414 (10th Cir. 2004) (internal citations omitted). Indeed, "even such pretrial matters as discovery are to be avoided if possible, as inquiries of this kind can be peculiarly disruptive of effective government." *Id.* (citing *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)).

The United States Supreme Court has repeatedly "stressed the importance of resolving immunity questions at the earliest possible stage in litigation." *Pearson*, 555 U.S. 231 (citing *Hunter v. Bryant*, 502 U.S. 224, 227 (1991) (per curiam)). Accordingly, "[d]iscovery should not be allowed until the court resolves the threshold question whether the law was clearly established at the time the allegedly unlawful action occurred." *Workman v. Jordan*, 958 F.2d 332, 336 (10th Cir. 1992) (internal citations omitted). It follows that when a defendant files a motion for summary judgment on the basis of qualified immunity, the defendant is normally entitled to a stay of discovery. *Johnson v. Curry Cty Juvenile Detention Center*, CV No. 07-58 JP/LFG, *2 (D.N.M. filed July 3, 2007) (citing *Jiron*, 392 F.3d at 414).

Here, Plaintiff filed his *Complaint*, (Doc.1), in which he alleges claims against Defendants under 42 U.S.C. § 1983, on April 16, 2014. On July 1, 2015, the State Defendants filed their MTD/MSJ raising the defense of qualified immunity, and on that basis move to stay discovery. (Doc. 55). In response, Plaintiff opposes the Motion, and argued at the hearing that he would like more time to conduct discovery to respond to Defendants' dispositive motions. (*See* Doc. 66 at 7). This argument is unavailing. Indeed, the underlying purpose of qualified immunity is to protect officials "not only from

liability, but also 'from the ordinary burdens of litigation, including far-ranging discovery.'" *Dyer v. Rabon*, No. 06-5085, 212 Fed. Appx. 714, 716 (10th Cir. Dec. 7, 2006) (unpublished) (quoting *Workman*, 958 F.2d at 335). In addition, the Court entered its *Scheduling Order*, (Doc. 32), in this case on May 13, 2015. Thus, the parties have had over three months to conduct discovery. In light of the foregoing, discovery should be stayed pending consideration and disposition of the State Defendants' MTD/MSJ. *See Jiron*, 392 F.3d at 414. Therefore, *State Defendants' Motion to Stay Discovery*, (Doc. 55), should be granted.

**IT IS THEREFORE ORDERED** that *State Defendants Motion to Stay Discovery*, (Doc. 55), be **GRANTED.**

_____
THE HONORABLE CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDGE