**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

SIMON ARMIJO,

      Plaintiff,

v.                                    CV No. 14-362 JB/CG

RONY D. HAYES, et al.,

      Defendants.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

      **THIS MATTER** comes before the Court on *Defendant Cearley and Village of Magdalena's Motion to Dismiss and Alternative Motion for Summary Judgment* ("Motion"), (Doc. 39), filed June 18, 2015; *Plaintiffs Response to Defend[a]nts Motio[n] to Dismiss and Alternative Motion for Summ[a]ry Judgment Also Response to Failure to State a Claim* ("Response"), (Doc. 48), filed July 20, 2015; and *Reply by the Magdalena Defendants In Support of Their Motion to Dismiss and Alternative Motion for Summary Judgment (Document No. 39)* ("Reply"), (Doc. 57), filed July 27, 2015. United States District Judge James O. Browning referred this case to U.S. Magistrate Judge Carmen E. Garza to perform legal analysis and recommend an ultimate disposition. (Doc. 4). The Court has considered the Motion, the Response, the Reply, and the relevant law. The Court has also heard the parties' oral argument on the Motion at a hearing on August 28, 2015. (Doc. 66). Because Plaintiff has failed to demonstrate that Defendant Larry Cearley is not entitled to qualified immunity, or that Defendant Village of Magdalena caused any constitutional injuries, the Court **RECOMMENDS** that the Motion be **GRANTED.**

## I.      Factual and Procedural Background

This case arises from the search and seizure of Plaintiff's property in the Village of Magdalena, New Mexico on April 17, 2012, and Plaintiff's subsequent arrest. Plaintiff is a "qualified patient" under the Lynne and Erin Compassionate Use Act (the "Act"), N.M. STAT. §§ 26-2B-1—7 (2007), which allows him to legally possess certain amounts of marijuana. (Doc. 2 at 3, 4, 7; Doc. 66 at 2).[1]

In early 2012, Defendant Larry Cearley, Marshal for the Village of Magdalena, contacted the District Attorney's Office for the Seventh Judicial District of New Mexico with information regarding Plaintiff's past statements and activities, which suggested Plaintiff was engaging in production and distribution of marijuana not authorized by the Act. (Doc. 2 at 2; Doc. 39-1 at 1). Specifically, Defendant Cearley spoke with Rony Hayes of the District Attorney's office, who is also a defendant in this action. Defendant Cearley stated that, as Plaintiff's neighbor, he observed known drug users frequent Plaintiff's residence, a high volume of traffic in and out of the property for only short periods of time, and that Plaintiff continually ran his swamp cooler and air compressor throughout the year, even in the winter months. (Doc. 39-1 at 1-2).  Defendant Cearley also relayed a conversation he had with Plaintiff in which he alleges that Plaintiff asked whether Defendant Cearley thought a local power outage was a result of all the lights Plaintiff used for Plaintiff's marijuana plants. (*Id.* at 1).

This information was used in an application for a search warrant on Plaintiff's property, which was executed on April 17, 2012 by Defendant Hayes and other law enforcement officers. (Doc. 2 at 2). Defendant Cearley did not participate in the

---

[1] Plaintiff's *Civil Rights Complaint Pursuant to 42 U.S.C. § 1983* is verified, (*see* Doc. 2 at 6), and therefore may be treated as an affidavit for purposes of summary judgment. *Conway v. Smith*, 853 F.2d 789, 792 (10th Cir. 1988).

execution of the search warrant. (Doc. 2 at 2, 7, 8; Doc. 39-1 at 2). Plaintiff was

subsequently arrested based on the evidence seized during the search. (Doc. 2 at 3, 4).

Plaintiff filed his *Civil Rights Complaint Pursuant to 42 U.S.C. § 1983*

("Complaint"), (Doc. 2), on April 16, 2014, alleging claims against several defendants.

As is relevant here, Plaintiff claims that Defendant Cearley violated his constitutional

rights by providing Defendant Hayes with false information, which later became the

basis for the search warrant and seizure of Plaintiff's property. (Doc. 2 at 2). Plaintiff

claims that, as a result, the warrant was defective and unconstitutional, and seeks

compensation for his injuries under 42 U.S.C. § 1983. (Doc. 2 at 5). Plaintiff also alleges

claims under Section 1983 against Defendant Village of Magdalena as Defendant

Cearley's employer. (Doc. 2 at 2, 3).

## II.   Standard of Review

Defendants Cearley and the Village of Magdalena (the "Village Defendants") filed

their Motion as a motion to dismiss and alternative motion for summary judgment.

Defendants mainly argue, however, that Plaintiff's claims are subject to dismissal under

the standard for summary judgment. (Doc. 39 at 4). In support of their argument, the

Village Defendants attach an *Affidavit of Larry Cearley*. (Doc. 39-1). In his Response,

Plaintiff does not object to the exhibit or to the Court construing the Motion as a motion

for summary judgment. Indeed, Plaintiff refers to several exhibits in his Response, and

argues that summary judgment should be granted in his favor.[2] (Doc. 48 at 11-12); *See*

---

[2] Although Plaintiff did not actually file any exhibits, he would still be considered to have had notice that
the Court may rule on the Motion as a motion for summary judgment. *See Prospero Associates v.
Burroughs Corp.*, 714 F.2d 1022, 1024-25 (10th Cir. 1983) (holding that plaintiff had notice that court
would convert motion to dismiss to motion for summary judgment where plaintiff did not file any exhibits
with its brief, but referred to the substance of those documents in the brief and obviously intended that the
court consider them).

*Lamb v. Rizzo,* 391 F.3d 1133, 1137 n.3 (10th Cir. 2004) (finding that plaintiff was not prejudiced by the court's conversion of the motion to dismiss to a motion to summary judgment where plaintiff failed to object to defendant's exhibits and filed his own exhibits in response). Plaintiff was given another opportunity to provide the Court with any additional exhibits in support of his Response at a hearing on August 28, 2015. (*See* Doc. 65). Because both parties have argued that they are entitled to summary judgment, and have had the opportunity to present materials pertinent to the motion under FED. R. CIV. P. 56, the Court will consider the Motion as a motion for summary judgment, and recommend disposition under that standard. *See Whitesel v. Sengenberger*, 222 F.3d 861, 866 (10th Cir. 2000).

    A.  <u>Summary Judgment</u>

       The court shall grant summary judgment only if "the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).  The movant bears the burden of making a *prima facie* demonstration that there is no genuine issue of material fact. *Adler v. Wal-Mart Stores, Inc.,* 144 F.3d 664, 670-71 (10th Cir.1998) (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986)). A fact is material if it might affect the outcome of the case under the governing substantive law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). An issue is genuine if the evidence is such that a reasonable jury could resolve the issue in favor of the nonmoving party. *Id.* If the moving party has demonstrated an absence of material fact, the "nonmoving party must come forward with specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986) (internal quotations omitted).

"[W]here the non-moving party will bear the burden of proof at trial on a dispositive issue, that party must go beyond the pleadings and designate specific facts so as to 'make a showing sufficient to establish the existence of an element essential to that party's case' in order to survive summary judgment." *English v. Colorado Dep't of Corr.*, 248 F.3d 1002, 1007 (10th Cir. 2001) (internal citations and quotations omitted). The mere existence of some evidence in support of the nonmoving party, however, will not be sufficient for denial of a motion for summary judgment; there must be enough evidence to enable a jury to reasonably find for the nonmoving party on that issue. *See Anderson,* 477 U.S. at 249.  The nonmovant must go beyond the allegations and denials of her pleadings and provide admissible evidence, which the Court views in the light most favorable to her. *Panis v. Mission Hills Bank, N.A.,* 60 F.3d 1486, 1490 (10th Cir.1995).  The facts must be identified by reference to affidavits, deposition transcripts, or specific exhibits incorporated therein. *See Adler*, 144 F.3d at 671.

B. *Qualified Immunity*

"The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). It is an entitlement not to stand trial or face the other burdens of litigation, and acts as an immunity from suit rather than a mere defense to liability. *Jiron v. City of Lakewood*, 392 F.3d 410, 414 (10th Cir. 2004) (internal citations omitted).

Where a defendant raises the defense of qualified immunity in a motion for summary judgment, the burden shifts to the plaintiff to meet a "heavy two-part burden."

*Medina v. Cram*, 252 F.3d 1124, 1128 (10th Cir. 2001). First, a plaintiff must establish that the defendant's actions violated a constitutional or statutory right. *Id.* (internal citations and quotations omitted). A plaintiff must then demonstrate that the right at issue was clearly established at the time of the defendant's unlawful conduct. *Id.* (internal citations and quotations omitted).

"If a plaintiff fails to satisfy either part of the two-part inquiry, the court must grant the defendant qualified immunity." *Medina*, 252 F.3d at 1128 (citing *Albright v. Rodriguez*, 51 F.3d 1531, 1534 (10th Cir. 1995)). Thus, a court may consider either prong of the qualified immunity analysis. *See Pearson*, 555 U.S. at 236. In other words, at the summary judgment state, although a court "will review the evidence in the light most favorable to the nonmoving party, [ ], the record must clearly demonstrate the plaintiff has satisfied his heavy two-part burden; otherwise the defendants are entitled to qualified immunity." *Medina*, 252 F.3d at 1128 (citing *Nelson v. McMullen*, 207 F.3d 1202, 1205 (10th Cir. 2000)).

### III.   Analysis

The Village Defendants argue that they are entitled to judgment as a matter of law. First, they contend that Defendant Cearley is entitled to qualified immunity on all of Plaintiff's claims under 42 U.S.C. § 1983. Specifically, Defendant Cearley argues that Plaintiff cannot demonstrate a genuine issue of material fact as to whether Defendant Cearley violated any clearly established constitutional right. Second, as to Defendant Village of Magdalena, the Village Defendants maintain that, because there has been no underlying constitutional violation or tort committed by Defendant Cearley, Defendant Village of Magdalena cannot be held liable.

Plaintiff responds that Defendant Cearley made false statements to Defendant Hayes, which later became the basis for a search warrant executed on his residence. Plaintiff contends that these actions amount to a violation of clearly established law. With regard to Defendant Village of Magdalena, Plaintiff asserts that the Village has a policy or custom of hiring individuals with felony convictions, including Defendant Cearley, which caused Plaintiff's constitutional deprivations.

A.  *Plaintiff's Claims as to Defendant Cearley*

Defendant Cearley argues that he is entitled to qualified immunity on Plaintiff's claims against him because Plaintiff has not shown that Defendant Cearley unreasonably violated Plaintiff's clearly established constitutional rights. Defendant Cearley maintains that he did nothing more than relay personal information regarding Plaintiff's activities to a fellow law enforcement officer, and had no other involvement with the application for, or execution of, the search warrant.

In response, Plaintiff argues that Defendant Cearley provided false information to Defendant Hayes, which later became the basis for the search warrant executed on his property. Plaintiff contends that, in doing so, Defendant Cearley committed perjury, thereby violating clearly established law. In addition, Plaintiff states that he is a qualified patient under the Lynne and Erin Compassionate Use Act (the "Act"), which allows for certain limited use of marijuana. Plaintiff maintains that Defendant Cearley either knew, or should have known, of his status as a qualified patient under the Act, and that Defendant Cearley should have approached him or contacted the New Mexico Department of Health, rather than contact law enforcement.

A civil rights action under 42 U.S.C. § 1983 may be brought against a "person who, under color of any statute, ordinance, regulation, custom, or usage, of any State…, subjects, or causes to be subjected, any citizen of the United States. . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws."  42 U.S.C. § 1983 (1996). Here, Plaintiff claims that Defendant Cearley, as Marshal for the Village of Magdalena, New Mexico, provided Defendant Hayes with false information regarding Plaintiff's past statements and activities. (Doc. 2 at 2-3).  It is undisputed that Defendant Cearley stated that Plaintiff had asked him whether he thought a power outage was due to the lights Plaintiff used for Plaintiff's marijuana plants, that he observed traffic by known drug users in and out of Plaintiff's residence, and that Plaintiff's swamp cooler and air compressor ran throughout the year. (Doc. 39-1 at 1-2). Plaintiff argues that these statements are false, constitute perjury, and became the basis for Defendant Hayes' application for a search warrant of Plaintiff's home and seizure of his property. (Doc. 2 at 2-3; Doc. 66 at 2)). The Court construes Plaintiff's claim that Defendant Cearley's statements amounted to perjury as alleging that Defendant Cearley violated Plaintiff's right to be free from unreasonable searches and seizures under the Fourth Amendment.[3]

While Defendant Cearley did not participate in obtaining or executing the search warrant, he may still be liable for Plaintiff's injuries resulting from the execution of the search warrant under the Fourth Amendment. Indeed, the Tenth Circuit has held that when public officials

---

[3] The Court acknowledges that where, as here, a party is proceeding pro se, his "pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

engage[ ] in a deliberate course of conduct, complete with false
information, designed to gain entry into a home, and when the false
information was essential to persuade a judge to issue the order upon
which the defendants relied in gaining entry into a home, those
responsible for providing the false information may have violated the
Fourth Amendment—even though some of them had not entered the
home themselves.

*Wright v. City of St. Francis, KS*, No. 02-3337, 95 Fed. Appx. 915, 929 (10th Cir.

Apr. 20, 2004) (unpublished) (internal quotations citations omitted).

Where a plaintiff makes such allegations, and a defendant raises the defense of

qualified immunity, the claim may survive qualified immunity if the plaintiff can "make a

substantial showing of deliberate falsehood or reckless disregard for truth, such that

would be needed to challenge the presumed validity of an affidavit supporting a search

warrant under *Franks v. Delaware*, 438 U.S. 154, 171 (1978)." *Snell v. Tunnell*, 920

F.2d 673, 698 (10th Cir. 1990) (internal citations and quotations omitted). "Likewise . . .

there must be a specific affirmative showing of dishonesty by the applicant, i.e.,

knowledge of a plaintiff's innocence or that a witness was lying." *Id*.

Here, the parties do not dispute that Defendant Cearley contacted Defendant

Hayes with information he believed suggested that marijuana was being grown and sold

on Plaintiff's property. Defendant Cearley argues that, even viewing the facts in the light

most favorable to Plaintiff and assuming that Defendant Cearley's statements were

false, Plaintiff has made no showing that he violated Plaintiff's clearly established

constitutional rights. This Court agrees. Plaintiff has provided no evidence exhibiting

"deliberate and willful conduct" on the part of Defendant Cearley, or "specific evidence

tending to show that the allegations . . . were fabricated and that [Defendant Cearley]

knew that such allegations were untrue." *Snell*, 920 F.2d at 697-98. Indeed, by way of

evidence, Plaintiff has only presented his verified complaint, in which he states that
Defendant Cearley's statements were false. (Doc. 2 at 2). Plaintiff does not allege that
Defendant Cearley knew of the falsity. (*Id.*). Viewing the facts alleged in the light most
favorable to Plaintiff, he has not provided any evidence creating a genuine dispute as to
whether Defendant Cearley fabricated the statements or otherwise knew that any of the
information was untrue. *Martinez v. Lucero*, No. CIV 11-1003 JB/LFG, 2012 WL
2175772, at *29 (D.N.M. May 31, 2012) (unpublished) (rejecting plaintiff's claim of
judicial deception where plaintiff did not allege that defendant's conduct was intentional
or objectively unreasonable). Therefore, Plaintiff's claims cannot survive qualified
immunity.

As to Plaintiff's contention that Defendant Cearley should have approached
Plaintiff as provided under the Act, this argument also has no merit. It is undisputed that
Plaintiff is a "qualified patient" under the Act, and is therefore entitled to possess an
adequate supply of marijuana for his own personal use.[4] N.M. CODE R. § 7.34.4.8
(2015). However, under the Act, a participant in the medical use of cannabis program is
not relieved from criminal prosecution or civil penalties for activities not authorized by
the Act. N.M. STAT. § 26-2B-5. Plaintiff does not argue that he is authorized to produce
and distribute marijuana beyond his personal use under the Act, and instead insists that
he only possessed an amount appropriate for his personal use. (Doc. 48 at 2 ¶ 4, 3 ¶ 6).
Plaintiff has provided no authority to suggest that he is immune from an independent
criminal investigation and prosecution for activities not authorized by the Act. Given that
Defendant Cearley's statements suggest an operation in which Plaintiff was growing

---

[4] A qualified patient who holds a valid personal production license is authorized to possess no more than
four mature female plants and a combined total of 12 seedlings and male plants. N.M. CODE R. § 7.34.4.8.

and distributing large amounts of marijuana, Plaintiff has not demonstrated that Defendant Cearley violated his clearly established rights by relaying that information to other law enforcement officials.

In sum, Plaintiff has not provided evidence to suggest that Defendant Cearley made deliberately false statements, or had a reckless disregard for the truth, when providing information surrounding Plaintiff's activities to Defendant Hayes. In addition, Plaintiff has failed to provide authority showing that he is immune from a criminal investigation and prosecution of his activities unauthorized by the Act. As a result, Plaintiff has failed to create a genuine dispute of material fact as to whether Defendant Cearley violated his clearly established rights. Therefore, the Court finds that Defendant Cearley is entitled to qualified immunity as to Plaintiff's claims against him.

   B.  *Plaintiff's Claims as to Defendant Village of Magdalena*

As to Defendant Village of Magdalena, the Village Defendants maintain that, because there has been no underlying constitutional violation or tort committed by Defendant Cearley, Defendant Village of Magdalena cannot be held liable.

Plaintiff responds that Defendant Village of Magdalena has a policy or custom of employing or continuing to employ individuals with felony convictions, which caused his constitutional injuries. Plaintiff maintains that Defendant Cearley has been convicted of a felony, that Defendant Village of Magdalena has been aware of the conviction, and that it continues to employ Defendant Cearley. Plaintiff also asserts that Defendant Village of Magdalena failed to train Defendant Cearley on how to deal with individuals who are qualified patients under the Act. (Doc. 66 at 2).

As a threshold matter, "a municipality may not be held liable where there was no

underlying constitutional violation by any of its officers." *Graves v. Thomas*, 450 F.3d 1215, 1218 (10th Cir. 2006) (citing *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986)). In light of the Court's conclusion that there has been no showing that Defendant Cearley violated Plaintiff's constitutional rights, Defendant Village of Magdalena cannot be held liable as Defendant Cearley's employer. Therefore, the claim does not survive summary judgment.

## IV.   Recommendation

For the foregoing reasons, the Court finds that Plaintiff has not created a genuine dispute of material fact as to whether Defendant Cearley violated his clearly established constitutional rights, and thus Defendant Cearley is entitled to qualified immunity. As a result, Plaintiff's claims against Defendant Village of Magdalena also fail, as he has not demonstrated an underlying constitutional violation by Defendant Cearley. Therefore, the Court finds that the Village Defendants are entitled to summary judgment on all of Plaintiff's claims as a matter of law.

 IT IS THEREFORE RECOMMENDED that *Defendant Cearley and Village of Magdalena's Motion to Dismiss and Alternative Motion for Summary Judgment*, (Doc. 39),be GRANTED and that the claims against Defendants Larry Cearley and Village of Magdalena be DISMISSED WITH PREJUDICE.

THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.

_____
THE HONORABLE CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDGE