IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

SIMON ARMIJO,

    Plaintiff,

v.                                                             CV No. 14-362 JB/CG

RONY D. HAYES, et al.,

    Defendants.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** comes before the Court on Plaintiff's *Motion to Amend Complaint* ("Motion"), (Doc. 37), filed June 17, 2015; Defendants Larry Cearley and Village of Magdalena's *Response in Opposition to Plaintiff's Motion to Amend Complaint Document No. 37* ("Village Defendants' Response"), (Doc. 38), filed June 18, 2015; and *State Defendants' Response to Plaintiff's Motion to Amend* ("State Defendants' Response"), (Doc. 44), filed July 1, 2015. United States District Judge James O. Browning referred this case to U.S. Magistrate Judge Carmen E. Garza to perform legal analysis and recommend an ultimate disposition. (Doc. 4). The Court has considered the Motion, Village Defendants' Response, State Defendants' Response, and the relevant law. The Court has also heard the parties' oral argument on the Motion at a hearing on July 28, 2015. (Doc. 59). Because granting Plaintiff leave to amend would be futile, the Court **RECOMMENDS** that the Motion be **DENIED.**

I.     **Factual and Procedural Background**[1]

This case arises from the search and seizure of Plaintiff's property in the Village of Magdalena, New Mexico on April 17, 2012, and Plaintiff's subsequent arrests. Plaintiff is a "qualified patient" under the Lynne and Erin Compassionate Use Act (the "Act"), N.M. STAT. §§ 26-2B-1—7 (2007), which allows him to legally possess certain amounts of marijuana. (Doc. 2 at 3, 4, 7).

In early 2012, Defendant Larry Cearley, Marshal for the Village of Magdalena, contacted the District Attorney's Office for the Seventh Judicial District of New Mexico with information regarding Plaintiff's past statements and activities, which suggested Plaintiff was engaging in production and distribution of marijuana not authorized by the Act. (Doc. 2 at 2). Defendant Cearley spoke with Defendant Ronny Hays of the District Attorney's office, who later used the information in an application for a search warrant on Plaintiff's property, which was executed on April 17, 2012 by Defendant Hays and other law enforcement officers.[2] (Doc. 2 at 2). Plaintiff was subsequently arrested based on the evidence seized during the search. (Doc. 2 at 3, 4).

During the search, Defendant Hays contacted Defendant Robert Griego of the New Mexico Department of Game and Fish ("NMDGF"), and told Defendant Griego that he suspected Plaintiff of illegally possessing game parts. (Doc. 2 at 7). Defendant Griego searched Plaintiff's property and ultimately seized several deer heads and

---

[1] The facts of this case are set out in more detail in the Court's *Proposed Findings and Recommended Disposition* on Defendants' dispositive motions. (Docs. 68 & 71). Here, the Court only summarizes the facts as they are relevant to Plaintiff's Motion. The facts stated are taken from Plaintiff's *Civil Rights Complaint Pursuant to 42 U.S.C. § 1983.* (Doc. 2).
[2] Defendant Ronny Hays' name is spelled "Rony Hayes" in Plaintiff's Complaint and in the caption of this case. This is apparently not the correct spelling, as Defendant Hays' name is spelled "Ronny Hays" in *State Defendants' Motion to Dismiss or Alternatively, Motion for Summary Judgment*, (Doc. 43), and the supporting documents submitted to the Court. The Court will use the spelling provided by Defendant Hays in his Motion for Summary Judgment.

carcasses, a golden eagle carcass, red-tailed hawk feathers, and packages of various frozen meat. (Doc. 2 at 7–9).

Plaintiff then filed his *Civil Rights Complaint Pursuant to 42 U.S.C. § 1983* ("Complaint"), (Doc. 2), on April 16, 2014, alleging claims against several defendants. Plaintiff claims that Defendant Cearley violated his constitutional rights by providing Defendant Hays with false information, which later became the basis for the search warrant and seizure of Plaintiff's property. (Doc. 2 at 2). Plaintiff claims that, as a result, the warrant was defective and unconstitutional, and seeks compensation for his injuries under 42 U.S.C. § 1983. (Doc. 2 at 5). Plaintiff also alleges claims under Section 1983 against Defendant Village of Magdalena as Defendant Cearley's employer. (Doc. 2 at 2, 3). Plaintiff then alleges that Defendants Hays and Griego violated his right to be free from unreasonable searches and seizures under the Fourth Amendment. Specifically, Plaintiff challenges the constitutional sufficiency of Defendant Hays' search warrant and the constitutionality of Defendant Griego's search, and alleges claims of excessive force, malicious prosecution, and violations of due process. (*Id.*).

Plaintiff moved to amend his Complaint on June 17, 2015. (Doc. 37). The following day, Defendants Cearley and Village of Magdalena (the "Village Defendants") filed *Defendant Cearley and Village of Magdalena's Motion to Dismiss and Alternative Motion for Summary Judgment* ("Motion for Summary Judgment"). (Doc. 39). Defendants Hays and Griego (the "State Defendants") then filed *State Defendants' Motion to Dismiss or Alternatively, Motion for Summary Judgment* ("Motion for Summary Judgment") on July 1, 2015. (Doc. 43).

3

The Court construed both the Village and State Defendants' motions as Motions for Summary Judgment, and has since recommended disposition in its respective *Proposed Findings and Recommended Disposition*. (*See* Docs. 68 & 71). First, the Court recommended that the Village Defendants' Motion for Summary Judgment be granted in full, and that all claims against Defendants Cearley and Village of Magdalena be dismissed with prejudice. (Doc. 68 at 13). The Court then recommended that the State Defendants' Motion for Summary Judgment be granted in part and denied in part. (Doc. 71 at 32). As to Defendant Hays, the Court recommended that summary judgment be granted and that all claims against him be dismissed with prejudice. (*Id.*). As to Defendant Griego, the Court recommended that summary judgment be granted on Plaintiff's malicious prosecution claim against him, but denied summary judgment as to Plaintiff's Fourth Amendment claim as to Defendant Griego's warrantless search. (*Id.*). As a result, of all Plaintiff's claims, the Court recommended that only his Fourth Amendment warrantless search claim against Defendant Griego survive summary judgment.

## II.   Analysis

In his Motion, Plaintiff simply states that he moves the Court for leave to amend his Complaint. (Doc. 37 at 1). Plaintiff attaches his proposed *Amended Com[p]laint For Dam[ ]ages and Relief* (the "Proposed Amended Complaint") to the Motion. (Doc. 37 at 1–29).

The Village Defendants respond that Plaintiff's Motion is untimely, as Plaintiff was permitted until June 15, 2015 to move to amend the pleadings pursuant to the Court's *Scheduling Order*, (*see* Doc. 33), and Plaintiff's Motion was filed June 17, 2015.

4

(Doc. 38 at 1–2). The Village Defendants also state that Plaintiff failed to seek concurrence of opposing counsel on the Motion, as required by D.N.M.LR-Civ 7.1(a). (Doc. 38 at 2). Finally, the Village Defendants argue that the Motion should be denied because the Proposed Amended Complaint is futile in the face of the Village Defendants' Motion for Summary Judgment, as Plaintiff has no admissible evidence to support his claims against the Village Defendants. (Doc. 38 at 2–3).

The State Defendants similarly argue that Plaintiff's Motion is untimely and that Plaintiff failed to comply with D.N.M.LR-Civ 7.1(a). (Doc. 44 at 3–4). The State Defendants further contend that the Proposed Amended Complaint merely recites facts that were known to Plaintiff at the time the original Complaint was filed. (*Id.*). Finally, State Defendants also maintain that Plaintiff's Motion should be denied because the proposed amendments are futile in the face of State Defendants' Motion for Summary Judgment. (Doc. 44 at 5–10).

   A.  <u>Standard of Review</u>

Under FED. R. CIV. P. 15(a)(2), leave to amend should be freely given "when justice so requires." Whether to ultimately grant leave to amend is within the trial court's discretion. *Las Vegas Ice and Cold Storage Co. v. Far West Bank*, 893 F.2d 1182, 1185 (10th Cir. 1990).

> Several factors are typically considered by the courts in determining whether to allow amendment of a complaint. These include whether the amendment will result in undue prejudice, whether the request was unduly and inexplicably delayed, was offered in good faith, or that the party had sufficient opportunity to state a claim and failed. Where the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend is subject to denial.

*McNulty v. Sandoval County*, No. 06-2121, 222 Fed. Appx. 770, 775 (10th Cir. Mar. 27, 2007) (unpublished) (citing *Las Vegas*, 893 F.2d at 1185).

A "district court may also deny leave to amend where amendment would be futile." *Jefferson County School Dist. No. R-1 v. Moody's Investor's Services, Inc.*, 175 F.3d 848, 859 (10th Cir. 1999) (internal citations omitted). "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal for any reason, including that the amendment would not survive a motion for summary judgment." *Watson v. Beckel*, 242 F.3d 1237, 1239–40 (10th Cir. 2001) (internal citations omitted). Thus, in order to determine whether a proposed amendment would be futile, a court must consider the sufficiency of the claims in the proposed amendment, and whether they would be subject to dismissal in the face of any dispositive motions. *Jefferson County School Dist. No. R-1*, 175 F.3d at 859; *Bauchman for Bauchman v. West High School*, 132 F.3d 542, 561–62 (10th Cir. 1997).

  B. <u>Whether the Court Should Grant Plaintiff Leave to Amend His Complaint</u>

State and Village Defendants first argue that because Plaintiff's Motion is untimely and Plaintiff failed to seek the concurrence of opposing counsel pursuant to D.N.M.LR-Civ 7.1, leave to amend should be denied. This Court disagrees.

Although Plaintiff's Motion is untimely, given that Plaintiff is proceeding *pro se*, and he submitted his Motion only two days past the deadline outlined in the Court's *Scheduling Order*, the Court does not find that Plaintiff's request to amend was unduly and inexplicably delayed, or that it was offered in bad faith. Indeed, at the hearing, Plaintiff explained that he attempted to file the Motion on the deadline of June 15, 2015, but he had technical difficulties and was unable to do so. (Doc. 59 at 1). Furthermore,

Defendants have not argued that the amendment would result in undue prejudice or that Plaintiff has already had a sufficient opportunity to state a claim and failed. To be sure, Defendants correctly point out that Plaintiff did not seek their concurrence on the Motion pursuant to D.N.M.LR-Civ 7.1(a). However, the Court will not deny leave to amend on that ground alone.

In addition, State Defendants argue that the Proposed Amended Complaint simply recites facts that were known to Plaintiff at the time the Complaint was filed. The Court does not find this to be the case. While the Proposed Amended Complaint certainly adds more facts that may have already been known to Plaintiff at the time he filed his Complaint, Plaintiff also re-crafted his legal arguments and theories. As a result, the Court is not inclined to deny leave for that reason.

Finally, State and Village Defendants argue that to grant Plaintiff leave to amend his Complaint would be futile because the Proposed Amended Complaint would be subject to dismissal upon ruling on their respective motions for summary judgment. Accordingly, the Court will consider whether there is enough evidence to support Plaintiff's claims against Defendants as stated in the Proposed Amended Complaint. *Rivera v. Bates, et al.*, No. 12-cv-473-JB-RHS, at * 85–86 (D.N.M. filed Jun. 21, 2014) (unpublished).

Upon review of the Proposed Amended Complaint, the Court finds that Plaintiff has not alleged any additional material facts that were not already discussed in the Court's *Proposed Findings and Recommended Disposition* as to Village Defendants' and State Defendants' Motions for Summary Judgment. (Docs. 68 & 71, respectively). Based on those facts and the evidence before the Court, the Court recommended that

Village Defendants' Motion for Summary Judgment be granted and the claims against Defendant Cearley and Village of Magdalena be dismissed. (Doc. 68 at 12–13). In addition, the Court recommended that State Defendants' Motion for Summary Judgment be granted in part, and that all claims against Defendant Hays and one claim against Defendant Griego be dismissed. Therefore, the Court finds that, as to those claims and for the reasons stated in the respective *Proposed Findings and Recommended Disposition*, to allow amendment would be futile. *Bauchman*, 132 F.3d at 561–62 (noting that it would be proper for a court to deny leave to amend based on the fact that the undisputed evidence would subject an amended complaint to dismissal on summary judgment); *Rivera*, No. 12-cv-473-JB-RHS, at *86 (finding that because the evidence presented on summary judgment did not support the proposed amended claims, to allow the plaintiff to amend the complaint would be futile).

Furthermore, Plaintiff offered only one piece of evidence to the Court in recommending disposition on Defendants' Motions for Summary Judgment. Plaintiff provided his verified Complaint, which the Court treated as an affidavit for purposes of summary judgment. (Doc. 2 at 6); *See Conway v. Smith*, 853 F.2d 789, 792 (10th Cir. 1988). Plaintiff's Proposed Amended Complaint, on the other hand, is not verified. As a result, Plaintiff's Proposed Amended Complaint would not be treated as evidence, and all claims against Defendants would be subject to dismissal for a complete lack of evidence in the face of Defendants' Motions for Summary Judgment. This includes Plaintiff's one remaining Fourth Amendment claim against Defendant Griego, on which the Court recommended summary judgment be denied. If the Court were to allow

Plaintiff to amend, this claim would then be dismissed for lack of any supporting evidence.

Therefore, because the evidence presented on summary judgment does not support the claims as stated in Plaintiff's Proposed Amended Complaint, and because to allow Plaintiff to amend his Complaint would eliminate from the record the only evidence supporting those claims, granting Plaintiff leave to amend would be futile. Accordingly, the Court finds that it is not appropriate to grant Plaintiff leave to amend his Complaint.

### III.     Recommendation

For the foregoing reasons, the Court finds that, because there is insufficient evidence in support of Plaintiff's claims in his Proposed Amended Complaint, the Proposed Amended Complaint would be subject to dismissal in the face of Defendants' Motions for Summary Judgment. Therefore, to allow amendment would be futile.

**IT IS THEREFORE RECOMMENDED** that Plaintiff's *Motion to Amend Complaint*, (Doc. 37), be **DENIED**.

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**

_____
THE HONORABLE CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDGE