# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

SIMON ARMIJO,

    Plaintiff,

vs.                No. CIV 14-0362 JB/CG

RONY D. HAYES, LARRY CEARLY,
ROBERT GRIEGO, and VILLAGE OF
MAGDALENA,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the United States Magistrate Judge's Proposed Findings and Recommended Disposition, filed September 29, 2015 (Doc. 71)("PFRD"). The PFRD recommends that the Court grant in part and deny in part the State Defendants' Motion to Dismiss or Alternatively, Motion for Summary Judgment, filed July 1, 2015 (Doc. 43)("MTD/MSJ"). The Honorable Carmen E. Garza, United States Magistrate Judge, notified the parties that written objections to the PFRD were due within fourteen days and that failure to object would not allow for appellate review. See PFRD at 33. Plaintiff Simon Armijo timely filed the Plaintiff's Objections to Magistrate Judge's Proposed Findings and Recommended Disposition Doc 71 (Doc. 73)("Objections"), on October 16, 2015. The Defendants have not filed a response, and the deadline for doing so has passed. See Fed. R. Civ. P. 72(b)(2). After a de novo review of Armijo's objections, the Court adopts Judge Garza's PFRD.

## FACTUAL BACKGROUND

As Judge Garza described, this case arises from the search and seizure of Armijo's property in the Village of Magdalena, New Mexico on April 17, 2012, and Armijo's subsequent

arrests.  Armijo is a "qualified patient" under the Lynne and Erin Compassionate Use Act (the "Medical Marijuana Act"), N.M. Stat. §§ 26-2B-1-7 (2007), which allows him to legally possess certain amounts of marijuana.  See Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 at 2, 3, 4, 7, filed April 16, 2014 (Doc. 2)("Complaint"); Clerk's Minutes for Motions Hearing Held on 8/28/2015 at 2, filed September 1, 2015 (Doc. 66)("Clerk's Minutes").[1]

In early 2012, Defendant Larry Cearley, Marshal for the Village of Magdalena, contacted the District Attorney's Office for the Seventh Judicial District of New Mexico with information regarding Armijo's past statements and activities, which suggested that Armijo was engaging in production and distribution of marijuana which the Medical Marijuana Act does not authorize.  See Complaint at 2; Affidavit for Search Warrant at 1 (executed April 16, 2012), filed July 1, 2015 (Doc. 43-1)(the "Affidavit").  Specifically, Cearley spoke with Defendant Ronny Hays of the District Attorney's office.[2]  Cearley states that, as Armijo's neighbor, he observed known drug users frequent Armijo's residence, a high volume of traffic in and out of the property for only short periods of time, and that Armijo continually ran his swamp cooler and air compressor throughout the year, even in the winter months.  See Affidavit at 1-2.  Cearley also relayed a conversation that he had with Armijo in which he alleges that Armijo asked whether Cearley thought a local power outage was a result of all the lights Armijo used for Armijo's marijuana

---

[1]Armijo verified his Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, filed April 16, 2014 (Doc. 2), and the Court may therefore treat the Complaint as an affidavit for purposes of summary judgment.  See Conway v. Smith, 853 F.2d 789, 792 (10th Cir. 1988).

[2]Hays' name is spelled "Rony Hayes" in Armijo's Complaint and in the caption of this case.  This spelling is apparently not correct, as Hays' name is spelled "Ronny Hays" in his briefs supporting documents submitted to the Court.  The Court will use the spelling that Hays provides.

plants.  See Affidavit at 2.  During that conversation, Armijo also disclosed that he had a medical marijuana permit that the New Mexico Department of Health had issued him.  See Affidavit at 2.

Hays used this information in his Affidavit, submitted in support of an application for a search warrant of Armijo's property.  See Affidavit at 1-2.  The Honorable Kevin Sweazea, District Judge, Seventh Judicial District, State of New Mexico, issued the search warrant on April 16, 2012.  See Affidavit at 5.  The following day, Hays and other officers entered Armijo's residence in tactical gear with weapons drawn and executed the warrant.  See Complaint at 3. The search recovered approximately 22.21 ounces of marijuana, for which Armijo was subsequently arrested.  See Complaint at 3-4; Return and Inventory at 1-2, 5, filed July 1, 2015 (Doc. 43-2).  That state criminal case is still pending.  See Criminal Docket for Case #: 1:14-po-00064-KBM-1, filed July 1, 2015 (Doc. 43-5).

## PROCEDURAL BACKGROUND

Armijo filed his Complaint on April 16, 2014, alleging claims against several Defendants.  See Complaint at 1.  Relevant here, Armijo alleges that Hays violated his right to be free from unreasonable searches and seizures under the Fourth Amendment to the Constitution of the United States.  See Complaint at 3-4.  Specifically, Armijo challenges the constitutional sufficiency of Hays' search warrant, and alleges claims of excessive force, malicious prosecution, and violations of due process.  See Complaint at 3-4.

The Court referred this case to Judge Garza to perform legal analysis and recommend an ultimate disposition.  See Order of Reference Relating to Bankruptcy Appeals, Social Security Appeals, Prisoner Cases, Non Prisoner Pro Se Cases and Immigration Habeas Corpus Proceedings, filed May 23, 2014 (Doc. 4).  Hays filed his MTD/MSJ, and Judge Garza held a hearing on August 28, 2015.  See Clerk's Minutes at 2.  At the hearing, Judge Garza heard oral

argument on Hays' MTD/MSJ, and granted the State Defendants' Motion to Stay Discovery, filed July 22, 2015 (Doc. 55), staying discovery in this case on the basis that they had filed the MTD/MSJ based on qualified immunity.   See MTD/MSJ; Order Staying Discovery, filed September 1, 2015 (Doc. 67).

Subsequently, construing Hays' MTD/MSJ as a motion for summary judgment, Judge Garza found that Armijo had not shown a genuine dispute of material fact whether Hays violated his clearly established constitutional rights.  Thus, Judge Garza found that Hays was entitled to qualified immunity and recommends that the Court grant summary judgment on all of Armijo's claims against him.  Relevant to Armijo's objections, in the PFRD, Judge Garza concluded that Armijo has not created a genuine dispute of material fact whether Hays violated Armijo's clearly established constitutional rights.   Thus, Judge Garza found that Hays is entitled to qualified immunity on Plaintiff's unreasonable search, excessive force, malicious prosecution, and due process claims.  With regard to Armijo's challenges to the Affidavit submitted in the application for the search warrant, Judge Garza found that the warrant was properly issued, as Hays provided his Affidavit to be considered in a judicial proceeding, signed the Affidavit in the presence of a notary, and the Affidavit contained the requisite language for an oath or affirmation.  See PFRD at 11-14.

1.     **Armijo's Objections to the PFRD.**

Armijo objects to Judge Garza's conclusions on several specific grounds.  First, Armijo continues to maintain that the Affidavit in support of the search warrant was invalid, as Hays was never placed under oath or affirmation.  See Objections at 2-3.  Second, Armijo argues that the Affidavit contains deliberate falsehoods and that Hays otherwise had a reckless disregard for the Affidavit's truth.  See Objections at 4.  Finally, Armijo contends that there is no evidence that he

was distributing marijuana and that related charges should not have been brought against him. See Objections at 4.  The Defendants have not responded to Armijo's Objections.

>    **2.      <u>Armijo's Challenge to the Affidavit</u>.**

Armijo generally objects and reiterates his argument that Hays was never placed under oath.  <u>See</u> Objections at 1-2.  Throughout his briefing, Armijo admits that Judge Sweazea reviewed the Affidavit, and approved and signed the search warrant.  <u>See</u> Plaintiffs Response to Defendants Motion to Dismiss and Alternative Motion for Summary Judgment and Response to Failure to State a Claim at 2, filed July 24, 2015 (Doc. 56).  Armijo suggests that, because Judge Sweazea did not administer an oath, and that Hays did not take an oath in the Judge's presence, the Affidavit is invalid.  In his Objections, Armijo further argues that the Affidavit was not properly notarized, as the notary's certificate appears on a blank piece of paper after Hays' signature, next to the signature of the District Attorney, and the notary failed to provide the date her commission expires.  <u>See</u> Objections at 2-3.

> **LAW REGARDING OBJECTIONS TO PROPOSED FINDINGS AND**
> **<u>RECOMMENDATIONS</u>**

District courts may refer dispositive motions to a magistrate judge for a recommended disposition.  <u>See</u> Fed. R. Civ. P. 72(b)(1) ("A magistrate judge must promptly conduct the required proceedings when assigned, without the parties' consent, to hear a pretrial matter dispositive of a claim or defense . . . .").  Rule 72(b)(2) governs objections: "Within 10 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations."  Finally, when resolving objections to a magistrate judge's proposal, "the district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.  The district judge may

accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). Similarly, 28 U.S.C. § 636 provides:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1)(C).

"The filing of objections to a magistrate's report enables the district judge to focus attention on those issues -- factual and legal -- that are at the heart of the parties' dispute." United States v. One Parcel of Real Property, With Buildings, Appurtenances, Improvements, and Contents, 73 F.3d 1057, 1059 (10th Cir. 1996)("One Parcel")(quoting Thomas v. Arn, 474 U.S. 140, 147 (1985)). As the Tenth Circuit has noted, "the filing of objections advances the interests that underlie the Magistrate's Act, including judicial efficiency." One Parcel, 73 F.3d at 1059 (citing Niehaus v. Kan. Bar Ass'n, 793 F.2d 1159, 1165 (10th Cir. 1986); United States v. Walters, 638 F.2d 947, 950 (6th Cir. 1981)).

The United States Court of Appeals for the Tenth Circuit held "that a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." One Parcel, 73 F.3d at 1060. "To further advance the policies behind the Magistrate's Act, [the Tenth Circuit], like numerous other circuits, have adopted 'a firm waiver rule' that 'provides that the failure to make timely objections to the magistrate's findings or recommendations waives appellate review of both factual and legal questions.'" One Parcel, 73 F.3d at 1059 (citations

omitted).   In addition to requiring specificity in objections, the Tenth Circuit has stated that

"[i]ssues raised for the first time in objections to the magistrate judge's recommendation are

deemed waived."  Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996).  See United States v.

Garfinkle, 261 F.3d 1030, 1030-31 (10th Cir. 2001)("In this circuit, theories raised for the first

time in objections to the magistrate judge's report are deemed waived.").   In an unpublished

opinion, the Tenth Circuit stated that "the district court correctly held that [a petitioner] had

waived [an] argument by failing to raise it before the magistrate."  Pevehouse v. Scibana, 229 F.

App'x 795, 796 (10th Cir. 2007)(unpublished).[3]

     In One Parcel, the Tenth Circuit, in accord with courts of appeals, expanded the waiver

rule to cover objections that are timely but too general.  See One Parcel, 73 F.3d at 1060.  The

Supreme Court of the United States -- in the course of approving the United States Court of

Appeals for the Sixth Circuit's use of the waiver rule -- has noted:

> It does not appear that Congress intended to require district court review of a
> magistrate's factual or legal conclusions, under a *de novo* or any other standard,
> when neither party objects to those findings.   The House and Senate Reports
> accompanying the 1976 amendments do not expressly consider what sort of

---

[3]Pevehouse v. Scibana is an unpublished opinion, but the Court can rely on an
unpublished opinion to the extent its reasoned analysis is persuasive in the case before it.  See
10th Cir. R. 32.1(A), 28 U.S.C. ("Unpublished decisions are not precedential, but may be cited
for their persuasive value.").   The United States Court of Appeals for the Tenth Circuit has
stated:

> In this circuit, unpublished orders are not binding precedent, . . . and we have
> generally determined that citation to unpublished opinions is not favored.
> However, if an unpublished opinion or order and judgment has persuasive value
> with respect to a material issue in a case and would assist the court in its
> disposition, we allow a citation to that decision.

United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005).  The Court finds that Pevehouse
v. Scibana and Wright v. City of St. Francis, KS, No. 02-3337, 95 F. App'x 915, 929 (10th Cir.
Apr. 20, 2004), have persuasive value with respect to a material issue, and will assist the Court in
its disposition of this Memorandum Opinion and Order.

review the district court should perform when no party objects to the magistrate's report.   See S.Rep. No. 94-625, pp. 9-10 (1976) (hereinafter Senate Report); H.R.Rep. No. 94-1609, p. 11 (1976), U.S. Code Cong. & Admin. News 1976, p. 6162 (hereafter House Report).   There is nothing in those Reports, however, that demonstrates an intent to require the district court to give any more consideration to the magistrate's report than the court considers appropriate.   Moreover, the Subcommittee that drafted and held hearings on the 1976 amendments had before it the guidelines of the Administrative Office of the United States Courts concerning the efficient use of magistrates.   Those guidelines recommended to the district courts that "[w]here a magistrate makes a finding or <u>ruling</u> on a motion or an issue, his determination should become that of the district court, unless specific objection is filed within a reasonable time."   See Jurisdiction of United States Magistrates, Hearings on S. 1283 before the Subcommittee on Improvements in Judicial Machinery of the Senate Committee on the Judiciary, 94th Cong., 1st Sess., 24 (1975) (emphasis added) (hereinafter Senate Hearings).   The Committee also heard Judge Metzner of the Southern District of New York, the chairman of a Judicial Conference Committee on the administration of the magistrate system, testify that he personally followed that practice.   See <u>id.</u>, at 11 ("If any objections come in, . . . I review [the record] and decide it.   If no objections come in, I merely sign the magistrate's order.").   The Judicial Conference of the United States, which supported the *de novo* standard of review eventually incorporated in § 636(b)(1)(C), opined that in most instances no party would object to the magistrate's recommendation, and the litigation would terminate with the judge's adoption of the magistrate's report.   See Senate Hearings, at 35, 37.   Congress apparently assumed, therefore, that any party who was dissatisfied for any reason with the magistrate's report would file objections, and those objections would trigger district court review.   There is no indication that Congress, in enacting § 636(b)(1)(C), intended to require a district judge to review a magistrate's report to which no objections are filed.   It did not preclude treating the failure to object as a procedural default, waiving the right to further consideration of any sort.   We thus find nothing in the statute or the legislative history that convinces us that Congress intended to forbid a rule such as the one adopted by the Sixth Circuit.

<u>Thomas v. Arn</u>, 474 U.S. at 150-52 (footnotes omitted).

The Tenth Circuit also noted, "however, that '[t]he waiver rule as a procedural bar need not be applied when the interests of justice so dictate.'"   <u>One Parcel</u>, 73 F.3d at 1060 (quoting <u>Moore v. United States</u>, 950 F.2d 656, 659 (10th Cir. 1991)("We join those circuits that have declined to apply the waiver rule to a pro se litigant's failure to object when the magistrate's order does not apprise the pro se litigant of the consequences of a failure to object to findings and

recommendations.")(citations omitted).  Cf. Thomas v. Arn, 474 U.S. at 154 (noting that, while "[a]ny party that desires plenary consideration by the Article III judge of any issue need only ask," a failure to object "does not preclude further review by the district judge, sua sponte or at the request of a party, under a de novo or any other standard").  In One Parcel, the Tenth Circuit noted that the district judge had decided sua sponte to conduct a de novo review despite the lack of specificity in the objections, but the Tenth Circuit held that it would deem the issues waived on appeal because it would advance the interests underlying the waiver rule.  See 73 F.3d at 1060-61 (citing cases from other circuits where district courts elected to address merits despite potential application of waiver rule, but circuit courts opted to enforce waiver rule).

Where no party objects to the magistrate judge's proposed findings and recommended disposition, the Court has, as a matter of course in the past and in the interests of justice, reviewed the magistrate judge's recommendations.  In Workheiser v. City of Clovis, No. CIV 12-0485 JB/GBW, 2012 WL 6846401 (D.N.M. Dec. 28, 2012)(Browning, J.), where the plaintiff failed to respond to the magistrate judge's proposed findings and recommended disposition, although the Court determined that the plaintiff "has waived his opportunity for the Court to conduct review of the factual and legal findings in the [proposed findings and recommended disposition]," the Court nevertheless conducted such a review.  2012 WL 6846401, at *3.  The Court generally does not, however, review the magistrate judge's proposed findings and recommended disposition de novo, and determine independently necessarily what it would do if the issues had come before the Court first, but rather adopts the proposed findings and recommended disposition where "[t]he Court cannot say that the Magistrate Judge's

recommendation . . . is clearly erroneous, arbitrary, [obviously][4] contrary to law, or an abuse of discretion."  Workheiser v. City of Clovis, 2012 WL 6846401, at *3.  This review, which is deferential to the magistrate judge's work when there is no objection, nonetheless provides some review in the interest of justice, and seems more consistent with the intent of the waiver rule than no review at all or a full-fledged review.  Accordingly, the Court considers this standard of review appropriate.  See Thomas v. Arn, 474 U.S. at 151 ("There is nothing in those Reports, however, that demonstrates an intent to require the district court to give any more consideration to the magistrate's report than the court considers appropriate.").  The Court is reluctant to have no review at all if its name is going to go at the bottom of the order adopting the magistrate judge's proposed findings and recommendations.

---

[4]The Court previously used as the standard for review when a party does not object to the magistrate judge's proposed findings and recommended disposition whether the recommendation was "clearly erroneous, arbitrary, contrary to law, or an abuse of discretion," thus omitting "obviously" in front of contrary to law.  Solomon v. Holder, CIV 12-1039 JB/LAM, 2013 WL 499300, at *4 (D.N.M. Jan. 31, 2013)(Browning J.)(adopting the recommendation to which there was no objection, stating: "The Court determines that the PFRD is not clearly erroneous, arbitrary, contrary to law, or an abuse of discretion, and accordingly adopts the recommendations therein"); O'Neill v. Jaramillo, CIV 11-0858 JB/GBW, 2013 WL 499521 (D.N.M. Jan. 31, 2013)(Browning, J.)("Having reviewed the PRFD under that standard, the Court cannot say that the Magistrate Judge's recommendation is clearly erroneous, arbitrary, contrary to law, or an abuse of discretion.  The Court thus adopts Judge Wormuth's PFRD.")(citing Workheiser v. City of Clovis, 2012 WL 6846401, at *3); Galloway v. JP Morgan Chase & Co., CIV 12-0625 JB/RHS, 2013 WL 503744 (D.N.M. Jan. 31, 2013)(Browning, J.)(adopting the magistrate judge's recommendations upon determining that they were not "clearly contrary to law, or an abuse of discretion.").  The Court does not believe that "contrary to law" accurately reflects the deferential standard of review that the Court intends to use when there is no objection.  Finding that a magistrate judge's recommendation is contrary to law would require the Court to analyze the magistrate judge's application of law to the facts or the magistrate judge's delineation of the facts -- in other words performing a de novo review, which is required when a party objects to the recommendations only.  The Court believes adding "obviously" better reflects that the Court is not performing a de novo review of the magistrate judges' recommendations.  Going forward, therefore, the Court will review magistrate judges' recommendations to which there are no objections for whether the recommendations are clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion.

## ANALYSIS

The Court will adopt the Magistrate Judge's recommendations in the PFRD. The MTD/MSJ is granted in part and denied in part. Summary judgment based on qualified immunity is granted in favor of Hayes on all of Armijo's claims against him. Summary judgment is also granted in favor of Griego on Armijo's malicious prosecution claim. Finally, summary judgment is denied as to Armijo's claim under the Fourth Amendment against Griego.

## I.    ARMIJO'S FOURTH AMENDMENT CLAIM.

As an initial matter, Armijo's argument that the Affidavit was improperly notarized is raised for the first time in his Objections and is therefore deemed waived. See Marshall v. Chater, 75 F.3d at 1426. See also United States v. Garfinkle, 261 F.3d at 1030-31 ("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived.").

However, even considering Armijo's argument, the Court concludes that Hays' Affidavit was supported by oath or affirmation. Although the PFRD includes a discussion of warrant requirements under New Mexico law, to state a claim under 42 U.S.C. § 1983, an injured person must allege a violation of a federally protected right.[5] See West v. Atkins, 487 U.S. 42, 48 (1988). Thus, the Court will discuss the sufficiency of Hays' Affidavit under federal standards.

"The Fourth Amendment requires that no search warrant shall issue except on probable cause, supported by oath or affirmation . . . ." United States v. McCoy, 478 F.2d 176, 179 (10th Cir. 1973). The Supreme Court of the United States has recognized that "affidavits for search warrants . . . must be tested and interpreted . . . in a commonsense and realistic fashion." United

---

[5]Armijo's Complaint does not allege any claims under New Mexico law. See Complaint at 1-4.

States v. Ventresca, 380 U.S. 102, 108 (1965).  "Technical requirements of elaborate specificity .

. . have no proper place" in considering affidavits for search warrants.   United States v.

Ventresca, 380 U.S. at 108.

Indeed, the "Oath or affirmation" clause of the Fourth Amendment "does not prescribe

any particular form of oath or ritual for the swearing of an oath . . . [and, as a result,] many

different variations in oath language and oath practices have been held to be constitutionally

acceptable, provided only that each serves to assure the magistrate that the affiant is telling the

truth."  United States v. Williamson, No. CRIM.A. 13-20011-01, 2014 WL 2533177, at *11 (D.

Kan. June 5, 2014)(McAuliffe, J.)(unpublished).   There is no requirement under the Fourth

Amendment that an affiant be sworn in person before a judge.   See United States v. Bueno-

Vargas, 383 F.3d 1104, 1111 (9th Cir. 2004).  To constitute the act of swearing, the "true test is

whether the procedures followed were such that perjury could be charged therein if any material

allegation contained therein is false."  2 Wayne R. LaFave, Search and Seizure § 4.3(e) (5th ed.

2012)(internal citations omitted).  See United States v. Bueno-Vargas, 383 F.3d at 1109-12.

Hays submitted a document titled "Affidavit for Search Warrant," in which he makes a

statement of probable cause "being duly sworn upon his oath."  Affidavit at 1.  Hays signed the

Affidavit as the "Affiant," Affidavit at 3, and submitted the document to Judge Sweazea to be

used in a criminal proceeding.  See State v. Knight, 2000-NMCA-016, ¶ 28, 995 P.2d 1033, 1041

(noting that, under New Mexico law, false statements made in a judicial proceeding would

subject the affiant to prosecution for perjury in holding that an agent had sufficiently fulfilled the

requirements of an oath or affirmation)(citing N.M. Stat. Ann. 1978 § 30-25-1 (1963)).   In

addition, notwithstanding that the Affidavit was notarized on a blank page and omitted the date

on which the notary's commission expired, Hays attempted to properly notarize the Affidavit.

<u>See</u> Affidavit at 4 (bearing the official seal of a notary and stating "[s]ubscribed and sworn to or declared and affirmed to me . . . ."); <u>State v. Knight</u>, 2000-NMCA-016, ¶¶ 25-29, 995 P.2d at 1041-42 (holding that a law enforcement officer's appearance in front of a notary and signature on a document in the form of an oath, while aware that the affidavit is to be used as a sworn document, fulfills the requirements of an oath or affirmation).

The Court is satisfied that this form indicates that Hays was under oath or affirmation, and that he and Judge Sweazea were impressed "with the solemnity and importance of his or her words and of the promise to be truthful, in moral, religious, or legal terms." <u>United States v. Bueno-Vargas</u>, 383 F.3d at 1110. After all, "it is the intent of the declarant to be under oath or affirmation that matters most . . . ." <u>United States v. Bueno-Vargas</u>, 383 F.3d at 1111 (citing <u>United States v. Brooks</u>, 285 F.3d 1102, 1105 (8th Cir. 2002)(noting that the officer's recitations that he was "duly sworn" in the affidavit reflected his intention to be under oath)). Indeed, the Court concludes that it is clear that, in stating that he was "duly sworn upon his oath," signing the Affidavit, producing it to Judge Sweazea to secure the warrant, thereby giving the statement under penalty of perjury, and attempting to have it properly notarized, Hays "knew that he was making a solemn promise to the [ ] judge that all the information was providing was true and correct. That is all the 'Oath or affirmation' clause requires." <u>United States v. Bueno-Vargas</u>, 383 F.3d at 1112. The Court will not declare the warrant invalid based on formalistic requirements alone.

## II.  <u>ARMIJO'S JUDICIAL DECEPTION CLAIM.</u>

As to Armijo's contention that Hays included deliberate falsehoods in the Affidavit, Judge Garza concludes that, even assuming the information Hays stated in his Affidavit was false, Armijo provided no evidence exhibiting "deliberate and willful conduct" on Hays' part, or

"specific evidence tending to show that the allegations . . . were fabricated and that [Hays] knew that such allegations were untrue." Snell v. Tunnell, 920 F.2d 673, 697–98 (10th Cir. 1990). Armijo objects to Judge Garza's recommendation on the grounds that Hays had a disregard for the truth as to the number of occupants and the square footage of his home.

> As stated in the PFRD, the Tenth Circuit has held that when public officials
>
> engage[ ] in a deliberate course of conduct, complete with false information, designed to gain entry into a home, and when the false information was essential to persuade a judge to issue the order upon which the defendants relied in gaining entry into a home, those responsible for providing the false information may have violated the Fourth Amendment . . . .

Wright v. City of St. Francis, KS, No. 02-3337, 95 F. App'x 915, 929 (10th Cir. Apr. 20, 2004)(unpublished)(internal quotations citations omitted).  Where a plaintiff makes such allegations, the claim may survive a qualified immunity challenge if the plaintiff can "make a substantial showing of deliberate falsehood or reckless disregard for truth, such that would be needed to challenge the presumed validity of an affidavit supporting a search warrant under Franks v. Delaware, 438 U.S. 154, 171 (1978)." Snell v. Tunnell, 920 F.2d at 698 (internal citations and quotations omitted). "Likewise . . . there must be a specific affirmative showing of dishonesty by the applicant, i.e., knowledge of a plaintiff's innocence or that a witness was lying." Snell v. Tunnell, 920 F.2d at 698.

Armijo suggests that, because the information regarding the square footage of his home and the number of occupants is publicly available, Hays acted with a reckless disregard for the truth.  Armijo has not provided the Court, however, with any public records indicating that the information in the Affidavit was false.  To be sure, elsewhere in the record of this case, and after Judge Garza filed the PFRD, Armijo submitted affidavits from two of his daughters, stating that

they had lived with Armijo at his residence at some point during the relevant time period.[6]  See Affidavits of Montana Petiss and Clarice Armijo at 5-6, filed September 28, 2015 (Doc. 69-1)("Montana and Clarice Affidavits").  Yet, even if true, these statements do not suggest that Hays knew that there may have been more than three occupants in the house at the time he drafted the Affidavit.[7]

By way of evidence, Armijo has otherwise presented only his verified Complaint, in which he states that Cearley provided Hays with false information regarding Armijo's activities, which later became the basis for the search warrant executed on his property.  See Complaint at 2.  Armijo does not allege that Hays knew of the falsity or had a reckless disregard for the truth.  See Complaint at 2; Martinez v. Lucero, No. CIV 11-1003 JB/LFG, 2012 WL 2175772, at *29 (D.N.M. May 31, 2012)(unpublished)(rejecting the plaintiff's claim of judicial deception where the plaintiff did not allege that the defendant's conduct was intentional).  Furthermore, as Judge Garza explains in the PFRD, Hays' Affidavit in support of his application for the search warrant of Armijo's property indicates that he corroborated much of Cearley's statements with other evidence.  See Affidavit; PFRD at 16-17.  As a result, even assuming this information stated in the Affidavit is false, Armijo has provided the Court with no evidence tending to show that Hays fabricated this information or knew that it was untrue.  Snell v. Tunnell, 920 F.2d at 698.

---

[6]Pursuant to rule 56(c)(3) of the Federal Rules of Civil Procedure, the Court need consider only the cited materials in a motion for summary judgment, but may also consider other materials in the record.

[7]One of Armijo's daughters states that she lived at the residence from January 2011, through September 2011, and not at the time Hays drafted the Affidavit.  See Montana and Clarice Affidavits at 5.  Armijo's other daughter states in her affidavit that she lives with her parents at Armijo's residence, but suggests that she commuted to Magdalena on weekends, but otherwise lived in Albuquerque to attend school.  See Montana and Clarice Affidavits at 6.

Armijo further argues that the information provided by Patrolman Steve Carter was stale, because it relied on statements that a confidential informant made in late 2010 to early 2011.  See Objections at 4; Clerk's Minutes at 3.  This statement does not, however, suggest that Hays knew the information was incorrect.

In addition, insofar as Armijo is challenging whether the information can support a finding of probable cause, that argument is also without merit.  As discussed in the Court's Memorandum Opinion and Order discussing Armijo's claims against Cearley, "[w]hether information is too stale to establish probable cause depends on the nature of the criminal activity, the length of the activity, and the nature of the property to be seized."  See United States v. Burkhart, 602 F.3d 1202, 1206 (10th Cir. 2010).  Indeed, the passage of time alone does necessarily demonstrate the staleness of an informant's statements.  See United States v. Mathis, 357 F.3d 1200, 1207 (10th Cir. 2004).  Here, Armijo was under suspicion for having a marijuana growing operation, and for trafficking and distributing large marijuana amounts.  See Affidavit at 1.  "A marijuana growing operation, which is a long-term operation, may allow for greater lapses of time between the information relied upon and the request for a search warrant."  United States v. Thomas, 605 F.3d 300, 307-11 (6th Cir. 2010)(citing United States v. Greany, 929 F.2d 523, 525 (9th Cir. 1991)).  In addition, Armijo was alleged to have that operation from the same residence where the confidential informant had previously seen the marijuana plants.  See Affidavit at 2.  United States v. Cantu, 405 F.3d 1173, 1178 (10th Cir. 2005)(similarity between circumstances of allegedly stale information and current suspicious activity refreshed the stale information).  Moreover, other information in the Affidavit corroborates the confidential informant's statements, and "otherwise stale information may be refreshed by more recent events."  United States v. Cantu, 405 F.3d at 1177-78.  For these reasons, the Court does not find

the information to be stale or to otherwise suggest that Hays knew the information was false.  As a result, Armijo has failed to make a substantial showing of a deliberate falsehood or a reckless disregard for the truth on Hays' part.

## III.   ARMIJO'S MALICIOUS PROSECUTION CLAIM.

Finally, with regard to Armijo's malicious prosecution claim against Hays, Judge Garza found that, because Armijo had not created a genuine dispute of material fact whether the original action against him terminated in his favor, Hays was entitled to qualified immunity.

In his Objections, Armijo contends that there is no evidence to prosecute him for "intent to distribute," and that the fact that there was traffic in and out of his residence is not evidence of a crime.   To the extent Armijo is challenging Judge Garza's findings as to his malicious prosecution claim, this argument is not well-taken.

First, Armijo waived these arguments because he raised them for the first time in his objections.  See Marshall v. Chater, 75 F.3d at 1426.  See also United States v. Garfinkle, 261 F.3d at 1030-31 ("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived.").

Second, even if the Court were to consider these arguments, the claim fails for the same reasons stated in Judge Garza's PFRD.  Armijo has not provided the Court with any showing that the original action against him terminated in his favor.

Further, to the extent Armijo is challenging the sufficiency of the evidence of his criminal charges, that will be decided in his underlying criminal proceedings.

**IT IS ORDERED** that: (i) the Court will adopt the Magistrate Judge's recommendations in the Proposed Findings and Recommended Disposition, filed September 29, 2015 (Doc. 71); (ii) State Defendants' Motion to Dismiss or Alternatively, Motion for Summary Judgment, (Doc.

43), is granted in part and denied in part; (iii) summary judgment based on qualified immunity is granted in favor of Defendant Rony D. Hays on all of Plaintiff Simon Armijo's claims against him, and those claims are dismissed with prejudice; (iv) summary judgment is granted in favor of Defendant Robert Griego on Armijo's malicious prosecution claim, and the malicious prosecution claim is dismissed with prejudice; and (v) summary judgment is denied as to Armijo's Fourth Amendment claim against Griego.

_____
UNITED STATES DISTRICT JUDGE

*Parties and Counsel:*

Simon Armijo
Magdalena, New Mexico

      *Plaintiff Pro Se*

Douglas E. Gardner
Robles, Rael & Anaya, P.C.
Albuquerque, New Mexico

      *Attorney for Defendants Rony D. Hayes and Robert Griego*

James P. Lyle
Law Offices of James P. Lyle P.C.
Albuquerque, New Mexico

      *Attorneys for Defendants Larry Cearly and Village of Magdalena*