**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

SIMON ARMIJO,

       Plaintiff,

v.                                                                             CV No. 14-362 JB/CG

ROBERT GRIEGO,

       Defendant.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**THIS MATTER** comes before the Court on Plaintiff's *Motion to Amend Complaint and Add Additional Counts* ("Motion"), (Doc. 87), filed June 26, 2016; *Defendant Griego's Response to Plaintiff's Motion to Amend [Doc. 87]* ("Response"), (Doc. 88), filed July 13, 2016; and *Plaintiff Armijo's Reply to Griego's Response to Plaintiff's Motion to Amend and to Change Caption* ("Reply"), (Doc. 90), filed July 27, 2016. United States District Judge James O. Browning referred this case to U.S. Magistrate Judge Carmen E. Garza to perform legal analysis and recommend an ultimate disposition. (Doc. 4). The Court having considered the Motion, the Response, the Reply, and the relevant law **RECOMMENDS** that the Motion be **DENIED.**

**I.      Factual and Procedural Background[1]**

This case arises from the search and seizure of Plaintiff's property in the Village of Magdalena, New Mexico on April 17, 2012, and Plaintiff's subsequent arrests. Plaintiff filed his *Civil Rights Complaint Pursuant to 42 U.S.C. § 1983* ("Complaint"),

---

[1] The facts of this case are set out in more detail in the Court's *Proposed Findings and Recommended Disposition* on Defendants' dispositive motions. (Docs. 68 & 71). Here, the Court only summarizes the facts as they are relevant to Plaintiff's Motion. The facts stated are taken from Plaintiff's *Civil Rights Complaint Pursuant to 42 U.S.C. § 1983*. (Doc. 2).

(Doc. 2), on April 16, 2014, alleging claims against several defendants ("Defendants"). After over four months of discovery, discovery was stayed pending disposition of *Defendant Cearley and Village of Magdalena's Motion to Dismiss and Alternative Motion for Summary Judgment*, (Doc. 39), and *State Defendants' Motion to Dismiss or Alternatively, Motion for Summary Judgment.* (Docs. 43 & 67). In its *Proposed Findings and Recommended Dispositions* ("PFRDs") on those motions, this Court recommended that summary judgment be granted to Defendants on almost all of Plaintiff's claims, but denied summary judgment on Plaintiff's Fourth Amendment claim against Defendant Robert Griego ("Defendant Griego"). (*See* Docs. 68 & 71). Plaintiff also filed his *First Motion to Amend Complaint*, (Doc. 37), which this Court recommended denying on the grounds that allowing Plaintiff to amend his Complaint would be futile. (Doc. 72). Judge Browning adopted the PFRD on each motion in full. (Docs. 75, 76, & 77). As a result, only Plaintiff's Fourth Amendment warrantless search claim against Defendant Griego survived summary judgment.

Subsequently, this Court lifted the stay of discovery and held a Rule 16 Scheduling Conference for the parties to submit a provisional discovery plan and set deadlines for discovery on Plaintiff's remaining claim against Defendant Griego. (Doc. 78). Plaintiff then filed this Motion seeking leave to amend a second time to allege additional claims against Defendant Griego on June 26, 2016, (Doc. 87), although the deadline for doing so was on June 25, 2016. (*See* Doc. 81).

## II. Analysis

In his Motion, Plaintiff simply states that he moves the Court for leave to amend his Complaint, and that leave to do so should be freely given. (Doc. 87 at 1). Plaintiff

attaches his proposed *Amended Com[p]laint For Dam[ ]ages and Relief* (the "Proposed Amended Complaint") to the Motion. (Doc. 87 at 2–17). In response, Defendant argues that Plaintiff's proposed claims have either already been dismissed by the Court with prejudice, or would be subject to dismissal. Therefore, Defendant contends that to allow Plaintiff to amend his Complaint would be futile. (Doc. 88 at 4).

    A.  <u>Standard of Review</u>

Under FED. R. CIV. P. 15(a)(2), leave to amend should be freely given "when justice so requires." Whether to ultimately grant leave to amend is within the trial court's discretion. *Las Vegas Ice & Cold Storage Co. v. Far West Bank*, 893 F.2d 1182, 1185 (10th Cir. 1990).

> Several factors are typically considered by the courts in determining whether to allow amendment of a complaint. These include whether the amendment will result in undue prejudice, whether the request was unduly and inexplicably delayed, was offered in good faith, or that the party had sufficient opportunity to state a claim and failed. Where the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend is subject to denial.

*McNulty v. Sandoval Cnty.*, No. 06-2121, 222 Fed. Appx. 770, 775 (10th Cir. Mar. 27, 2007) (unpublished) (citing *Las Vegas*, 893 F.2d at 1185). A "district court may also deny leave to amend where amendment would be futile." *Jefferson Cnty. Sch. Dist. No. R-1 v. Moody's Investor's Servs., Inc.*, 175 F.3d 848, 859 (10th Cir. 1999) (internal citations omitted).

"Although the Federal Rules of Civil Procedure favor a liberal approach to amendments, amendments may not be used as a device to prevent speedy and efficient resolutions of cases." *Stein et al v. Disciplinary Bd. et al*, No. CV04-840, at *2 (D.N.M. May 31, 2006) (unpublished) (citing *Lockheed Martin Corp. v. Network*

*Solutions*, 175 F.R.D. 640, 645 (C.D. Cal. 1997)). Indeed, "[u]ntimeliness alone may be a sufficient basis for denial of leave to amend" and "prejudice to the opposing party need not . . . be shown." *Las Vegas*, 893 F.2d at 1185.

### B.  Whether the Court Should Grant Plaintiff Leave to Amend His Complaint

Plaintiff's Proposed Amended Complaint contains a statement of facts and lists four counts against Defendant Griego. Plaintiff's claims are summarized as follows: (1) unreasonable search and seizure under the Fourth Amendment and the New Mexico Constitution; (2) malicious prosecution under the Fourth Amendment and the New Mexico Constitution; (3) deprivation of his right to exercise religion under the First Amendment;  and (4) denial of due process under the Fourteenth Amendment. (Doc. 87).

As an initial matter, Plaintiff's Motion was filed after the appropriate deadline. Plaintiff filed the Motion on June 26, 2016, when the deadline for doing so was June 25, 2016. (*See* Doc. 81 at 2). While the Motion is late by only one day, this is not the first time Plaintiff has missed this Court's deadlines. (*See* Doc. 37, *Plaintiff's First Motion to Amend*, filed on June 17, 2015; Doc. 33 at 2, *Scheduling Order* directing Plaintiff to file a motion to amend by June 15, 2015). The Court is mindful that it must construe the filings of a *pro se* litigant liberally and hold him to a less stringent standard than formal pleadings drafted by lawyers. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court cannot go so far as to serve as the *pro se* litigant's advocate. *Id.* Plaintiff must follow the same procedural rules that govern other litigants. *Nielsen v. Price,* 17 F.3d 1276, 1277 (10th Cir. 1994).

Further, with regard to Plaintiff's proposed malicious prosecution claim under the Fourth Amendment, the claim has already been dismissed with prejudice by Judge Browning in his order adopting this Court's PFRD. (Doc. 71). Plaintiff neither objected to this Court's recommendation to dismiss the claim with prejudice in the PFRD, (*see* Doc. 73), nor appealed Judge Browning's order adopting the recommendation. As a result, Plaintiff is barred from refiling this claim in this District. *See Styskal v. Weld Cnty. Bd. of Cnty. Comm'rs*, 365 F.3d 855, 859 (10th Cir. 2004) (explaining that a dismissal with prejudice by a district court means that the plaintiff cannot refile the dismissed claim in that same district).

As to the remaining claims in the Proposed Amended Complaint, Plaintiff's request for leave to amend comes over two years after Plaintiff filed his Complaint on April 16, 2014. (Doc. 2). At this point, the case is nearing the end of a second period of discovery on September 7, 2016. In addition, this Court has recommended disposition, and Judge Browning has issued rulings on two motions for summary judgment and Plaintiff's first motion to amend the Complaint. Indeed, summary judgment has already been granted in favor of Defendant Griego on some of Plaintiff's claims against him and Plaintiff has been denied his first request to amend based on the proposed amendment being futile.

Moreover, the Proposed Amended Complaint is not based on new evidence unavailable at the time of the original filing. Plaintiff does not cite to any new evidence that was revealed in discovery. Rather, Plaintiff again describes the events that occurred on the day of the search on April 17, 2012, and a handful of subsequent events that occurred in 2012, 2013, and 2014. There is no indication that Plaintiff did not

know of these events at the time he filed his Complaint, or even at the time he first moved to amend his Complaint in 2015. Plaintiff has provided no explanation as to why he did not move to amend his Complaint based on these facts or legal theories earlier.

This Circuit has explained that granting leave to amend a complaint after entry of summary judgment is disfavored. *Combs v. PriceWaterhouse Coopers LLP*, 382 F.3d 1196, 1205–06 (10th Cir. 2004). Indeed,

> [a] busy district court need not allow itself to be imposed upon by the presentation of theories seriatim. Liberality in amendment is important to assure a party a fair opportunity to present his claims and defenses, but equal attention should be given to the proposition that there must be an end finally to a particular litigation . . . . Much of the value of summary judgment procedure in the cases for which it is appropriate . . . would be dissipated if a party were free to rely on one theory in an attempt to defeat a motion for summary judgment and then, should that theory prove unsound, come back along thereafter and fight on the basis of some other theory.

*Pallottino v. City of Rio Rancho*, 31 F.3d 1023, 1027 (10th Cir. 1994) (internal citations and quotations omitted). "This wariness is heightened when the losing party seeks the amendment many months after his initial filing, the amendment is not based on new evidence, and the amendment is merely the presentation of an alternate legal theory that was readily available prior to the entry of summary judgment." *Combs*, 382 F.3d at 1206 (citing *Pallottino*, 31 F.3d at 1027).

Here, it has been over two years since Plaintiff filed this action, a second round of discovery is nearly completed, the Court has already decided several dispositive motions, and Plaintiff's Proposed Amended Complaint is not based on new evidence unavailable at the original time of filing. The Court finds that these particular circumstances are precisely those which warrant denying Plaintiff leave to amend his Complaint. *Compare Las Vegas*, 893 F.2d at 1185, *Pallottino*, 31

F.3d at 1027, *and Combs*, 382 F.3d at 1205–06 *with Swig Holdings LLC v. Sodalicious, Inc.*, No. 2:15CV307DAK, 2016 WL 2637823, at *1–2 (D. Utah May 6, 2016) (unpublished) (distinguishing the case from *Las Vegas* on the grounds that the plaintiff's motion to amend was filed before the date agreed upon by the parties and relies on information obtained in discovery). In light of this, the Court concludes that Plaintiff's request for leave to amend is untimely, and recommends denying it as such.

### III.     Recommendation

For the foregoing reasons, the Court finds that, given the posture of the case and the substance of Plaintiff's Proposed Amended Complaint, Plaintiff's request for leave to amend is untimely and should be denied.

**IT IS THEREFORE RECOMMENDED** that Plaintiff's *Motion to Amend Complaint and Add Additional Counts*, (Doc. 87), be **DENIED**.

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**

_____
THE HONORABLE CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDGE