IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SIMON ARMIJO,

      Plaintiff,

vs.                                                                         No. CIV 14-0362 JB/CG

RONY D. HAYS; LARRY CEARLY;
ROBERT GRIEGO and VILLAGE OF
MAGDALENA,

      Defendants.

## MEMORANDUM OPINION AND ORDER ADOPTING THE MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** comes before the Court on the United States Magistrate Judge's Proposed Findings and Recommended Disposition, filed January 4, 2016 (Doc. 102)("PFRD"). In the PFRD, the Honorable Carmen E. Garza, United States Magistrate Judge for the United States District Court for the District of New Mexico concludes that Defendant Robert Griego is entitled to qualified immunity, and, therefore, the Court should grant his Motion for Summary Judgment on the Basis of Qualified Immunity, filed November 1, 2016 (Doc. 98)("Motion"). See PFRD at 12.

Judge Garza notified the parties that written objections to the PFRD were due within fourteen days. See PFRD at 12. Plaintiff Simon Armijo has filed Objections to Proposed [sic] Findings and Recommendation, filed January 18, 2017 (Doc. 103)("First Objection"), and Objection to Proposed [sic] Findings and Recommendation, filed January 19, 2017 (Doc. 105) ("Second Objection")(collectively "Objections"). Defendant Greigo does not respond to Armijo's Objections, and the time for doing so has passed. See D.N.M.LR-Civ 7.4(a). After a

de novo review of the record and the PFRD, the Court adopts Judge Garza's PFRD in whole and grants Griego's Motion.

## BACKGROUND

This case arises from two searches and seizures of Armijo's property. On April 17, 2012, Defendant Rony D. Hays executed a search warrant on Plaintiff's property looking for evidence of marijuana trafficking. See Affidavit for Search Warrant at 1-3, 5, filed July 1, 2015 (Doc. 43-1). While executing the warrant, Hays found several deer heads, deer parts, and a deer carcass sawed in half in a shed. Affidavit for Search Warrant at 10, filed July 1, 2015 (Doc. 43-2)("Griego Affidavit"). Hays became suspicious about the shed's contents and called Defendant Robert Griego, a New Mexico Department of Game and Fish ("NMDGF") officer, for assistance.

When Griego arrived, Armijo objected to his presence and told him he needed his own warrant. See Civil Rights Complaint at 7, filed April 16, 2014 (Doc. 2)("Complaint").[1] Griego continued onto the property over Armijo's objection. See Complaint at 7; Defendant Griego's Motion for Summary Judgment on the Basis of Qualified Immunity at 7, filed November 1, 2016 (Doc. 98). Inside the shed, Griego observed approximately fifteen to twenty mule deer heads and a deer carcass sawn in half. See Griego Affidavit at 11. According to Griego, Armijo said he was a good hunter and that he also had deer meat in a freezer. See Griego Affidavit at 11. Armijo denies he told Griego about keeping deer meat in a freezer. See First Objection at 4.

Griego then examined a tag attached to one of the deer heads and determined the deer was not lawfully killed based on the applicable deer hunt dates and the date notched on the tag.

---

[1]The Complaint is verified, see Complaint at 6; therefore, it may be considered an affidavit. See Conway v. Smith, 853 F.2d 789, 792 (10th Cir. 1988).

See Griego Affidavit at 11.  Griego also noted some of the deer heads did not have tags attached to them and noticed deer hair on a hanging gambrel outside the shed.  See Griego Affidavit at 11.

Based on his observations and alleged conversation with Plaintiff, Defendant Griego applied for a search warrant.  See Search Warrant at 8-9, filed July 1, 2015 (Doc. 43-2). On the same day, he received and executed the warrant, seizing several deer legs, deer heads, packages of deer meat, and packages of elk meat, along with a golden eagle carcass and red-tailed hawk feathers.  See Return and Inventory at 12-13, filed on July 1, 2015 (Doc. 43-2).  Armijo was subsequently charged for illegal possession of the golden eagle carcass and red-tailed hawk feathers.  See U.S. Fish and Wildlife Service United States District Court Violation Notice, at 1 (Doc. 43-4).

Armijo then filed the Complaint alleging, in relevant part, that Griego violated his rights under the Fourth Amendment to the Constitution of the United States of America to be free from unreasonable search and seizure.  See Complaint at 7-9.  In response, Griego filed the Motion. In the Motion, Griego contends that he is entitled to qualified immunity and therefore summary judgment, because he did not violate Armijo's constitutional rights, and even if he did, Armijo's rights were not clearly established at the time he violated them.  See Motion at 17-25.

After considering the relevant law, Judge Garza concluded that Griego is entitled to qualified immunity, because he did not violate Armijo's clearly established rights.  See PFRD at 7-9, 12.  As Judge Garza noted, Griego is entitled to qualified immunity unless it is "beyond debate" that his "particular conduct" violated Plaintiff's rights.  See Ashcroft v. al-Kidd, 563 U.S. 731, 741-42 (2011)(citation omitted).  Although Armijo cited a relevant New Mexico Court of Appeals case, see Plaintiff's Opposition and Response to Defendant Griego's Motion for Summary Judgment on the Basis of Qualified Immunity at 9-12 (Doc. 99)("MSJ Opposition"),

Judge Garza determined that law is insufficient to "clearly establish" his rights. PRFD at 8-9. Accordingly, Judge Garza recommended granting summary judgment in Griego's favor. See PRFD at 12.

Armijo timely objected to Judge Garza's PFRD. See First Objection at 3-6; Second Objection at 5-10. Griego neither objected nor responded to Armijo's objections, and the time for doing so has passed. See D.N.M.LR-Civ. 7.4(a).

**ANALYSIS**

Pursuant to rule 8 of the Rules Governing Section 2255 Proceedings for the United States District Courts, a district judge may, under 28 U.S.C. § 636(b), refer a pretrial dispositive motion to a Magistrate Judge for proposed findings of fact and recommendations for disposition. Within fourteen days of being served, a party may file objections to this recommendation. See Rules Governing § 2255 Cases, Rule 8(b). A party may respond to another party's objections within fourteen days of being served with a copy; the rule does not provide for a reply. See Fed. R. Civ. P. 72(b).[2]

When resolving objections to a Magistrate Judge's recommendation, the district judge must make a de novo determination regarding any part of the recommendation to which a party has properly objected. See 28 U.S.C. § 636(b)(1)(C). Filing objections that address the primary issues in the case "advances the interests that underlie the Magistrate's Act[ 28 U.S.C. § 631 et seq.], including judicial efficiency." U.S. v. One Parcel of Real Prop., With Bldgs., Appurtenances, Improvements, & Contents, 73 F.3d 1057, 1059 (10th Cir. 1996)("One Parcel"). Objections must be timely and specific to preserve an issue for the district court's de novo review or for appellate review. One Parcel, 73 F.3d at 1060. Additionally, issues "raised for the

---

[2] The Federal Rules of Civil Procedure may be applied to the extent that they are not inconsistent with any statutory provisions or the Rules Governing Section 2255 Proceedings. See Rules Governing § 2255 Cases, Rule 12.

first time in objections to the magistrate judge's recommendation are deemed waived." Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996). See U.S. v. Garfinkle, 261 F.3d 1030, 1030-31 (10th Cir. 2001)("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived.").

In his First Objection, Armijo argues that what Griego observed "should not" establish probable cause and asserts that Griego lied about their conversation. First Objection at 3-4. Armijo also denies any illegal game parts were his. See First Objection at 3-4. Armijo states the eagle carcass and hawk feathers were his wife's and that his daughter killed the deer found in the shed. See First Objection at 4. Armijo also provided his wife's signed statement indicating that she also told Griego that he needed a warrant. See Della Apachito Statement at 1 (Doc. 103-1).

None of Armijo's objections address Judge Garza's PFRD's central issue: whether Defendant Griego violated Plaintiff's clearly established rights. On review, the Court agrees with Judge Garza that Armijo has not shown that his rights were clearly established.

As Judge Garza noted, Griego is entitled to qualified immunity if he did not violate Armijo's clearly established constitutional rights. Pearson v. Callahan, 555 U.S. 223, 232-33 (2009). "The dispositive question is 'whether the violative nature of the *particular* conduct is clearly established.'" Mullenix v. Luna, 136 S. Ct. 305, 308 (2015)(quoting Ashcroft v. al-Kidd, 563 U.S. at 742)(emphasis in original). "[S]pecificity is especially important in the Fourth Amendment context," as "'[i]t is sometimes difficult for an officer to determine how the relevant legal doctrine . . . appl[ies] to the factual situation the officer confronts.'" Mullenix v. Luna, 136 S. Ct. at 308 (citing Saucier v. Katz, 533 U.S. 194, 205 (2001)).

A right may be clearly established by "a Supreme Court or Tenth Circuit decision on point," or the "weight of authority from other courts." Medina v. City of Denver, 960 F.2d 1493,

1498 (10th Cir. 1992), *overruled on other grounds by* Cty. of Sacramento v. Lewis, 523 U.S. 833 (1998). A right is clearly established if it is "'sufficiently clear' that every 'reasonable official would have understood that what he is doing violates that right." Ashcroft v. al-Kidd, 563 U.S. at 741 (quoting Anderson v. Creighton, 483 U.S. 635, 640 (1987)). Thus, in this case, the relevant question is whether every reasonable officer would have known Griego's warrantless entry and subsequent conduct was unlawful. See Anderson v. Creighton, 483 U.S. at 641.

Construing his pleadings liberally,[3] Armijo relied on State v. Moran, 2008-NMCA-160, 197 P.3d 1079, for the proposition that his rights were clearly established. See MSJ Opposition at 9-11. State v. Moran involved circumstances nearly identical to this case, including a NMDGF Officer conducting a warrantless search and seizure after being invited onto a property by a law enforcement officer who had a warrant. See 2008-NMCA-160, ¶ 3, 197 P.3d 1079, 1080. Although the New Mexico Court of Appeals held the NMDGF Officer's warrantless conduct violated the Fourth Amendment, see 2008-NMCA-160, ¶ 13, 197 P.3d 1079, 1084, one state appellate court case is insufficient to "clearly establish" Armijo's rights. See Medina v. City of Denver, 960 F.2d at 1498. Armijo has not provided any other authority on point to establish the law in these circumstances. Given the lack of authority, a reasonable officer could still believe Griego's conduct was lawful, because he was invited onto Armijo's property by an officer with a search warrant and later obtained his own search warrant based on his observations of evidence in plain view.

Further, Armijo has not created a genuine dispute of material fact that would otherwise preclude summary judgment under rule 56 of the Federal Rules of Civil Procedure. On the contrary, Armijo disputes immaterial facts. For instance, although Armijo denies ownership of

---

[3]Because Plaintiff appears pro se, the Court must liberally construe his pleadings, though the Court may not act as his advocate. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

the seized eagle and feathers, their ownership is irrelevant to the question whether Griego violated Armijo's clearly established rights by entering the property at Hays' invitation, observing what he did, applying for a warrant, and executing it. Similarly, who killed the deer in the shed does not affect the qualified immunity analysis. Finally, it is immaterial that Armijo's wife now also states she told Griego he needed a warrant. Griego concedes for purposes of his Motion that he entered Armijo's property over Armijo's objection, see Motion at 4, 7, and the Court has incorporated that fact into its qualified immunity analysis.

In conclusion, for the foregoing reasons, the Court concludes that Judge Garza conducted the proper analysis and correctly concludes that the Court should grant Griego's Motion. Defendant Griego did not violate Armijo's clearly established rights and is therefore entitled to qualified immunity. The Court overrules Armijo's Objections.

**IT IS ORDERED** that: (i) the Magistrate Judge's Proposed Findings and Recommended Disposition, filed January 4, 2016 (Doc. 102) is adopted; and (ii) Defendant Robert Griego's Motion for Summary Judgment on the Basis of Qualified Immunity, filed November 1, 2016 (Doc. 98) is granted.

                                            _____
                                            UNITED STATES DISTRICT JUDGE

*Parties and Counsel:*

Simon Armijo
Magdalena, New Mexico

      *Plaintiff pro se*

--and--

Douglas E. Gardner
Robles, Rael & Anaya, P.C.
Albuquerque, New Mexico

>*Attorney for Defendants Robert Griego and Rony D. Hays*

--and--

James P. Lyle
Law Offices of James P. Lyle P.C.
Albuquerque, New Mexico

>*Attorney for Defendants Larry Cearly and the Village of Magdalena*